IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE C. BLUFORD, and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) |
| v. | ) |
| | ) 11 C 6932 |
| | ) |
| SWIFT TRANSPORTATION, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Steve C. Bluford brings suit against his former employer, Swift Transportation, under Title VII of the Civil Right Act of 1964. *See* 42 U.S.C. § 2000e, *et seq*. Bluford's Complaint contains one Count, which alleges that Swift violated 42 U.S.C. § 703(a)(1).[1] As stated in his Complaint, Bluford is pursuing claims for race discrimination based on: (1) a failure to promote; (2) receiving less desirable work assignments; (3) termination; and (4) mistreatment, such as verbal abuse and disparagement. He also seeks to have his cause of action certified as a class action. Before the Court is Swift's Motion to Dismiss Bluford's Complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, Swift's Motion to Dismiss is granted in part and denied in part.

---

[1] Though Bluford claims to bring his cause of action under 42 U.S.C. § 703(a)(1), it appears he has misstated the relevant statute. 42 U.S.C. § 703(a)(1) concerns payments to the States for maternal and child health services under the Social Security Act. From the allegations in the Complaint, which include a quotation from the relevant statute, the Court presumes that Bluford brings his claim under 42 U.S.C. § 2000e-2(a)(1) and (2).

1

**I. Background**

When considering a motion to dismiss, all reasonable inferences must be drawn in favor of the non-moving party, and the veracity of the well-pleaded allegations is assumed. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). Bluford was employed by Swift as a truck driver. He began his employment in October 2009. The duties of a Swift truck driver include driving and assisting with the process of making deliveries. Bluford alleges that his fleet manager, Donovan Rood, failed to treat Bluford and other Black employees in the same manner as he treated similarly situated Caucasian employees. Specifically, Bluford alleges that Rood stated, "I am sick of babysitting these [expletive] monkeys." Bluford alleges that Black employees were given less lucrative routes, assignments, positions, and promotions than Caucasian employees. This is relevant because the distance of a route and the time of day it is undertaken have a direct impact on the compensation of the driver. He further alleges that he and other Black employees were terminated on the basis of intentional and willful discrimination. Bluford was terminated by Swift on January 11, 2011.

Bluford filed a Charge of Discrimination with the Equal Employment Opportunity Commission on January 19, 2011. Swift received a copy of the Charge in the Notice of Charge of Discrimination sent to it by the EEOC. Bluford received his Dismissal and Right-

to-Sue Letter on July 5, 2011. He timely commenced suit in this Court on October 3, 2011.[2]

There is a dispute between the parties as to the inclusion of an attachment to the original EEOC Charge of Discrimination. Bluford states in a sworn declaration that he attached to his original Charge a five-page letter describing in greater detail the claims of discrimination he makes against Swift.[3] Swift asserts that the attachment in question was never included in any materials sent to Swift by the EEOC. Swift claims that in notifying it of the allegations set forth in Bluford's Charge, the EEOC never made any mention of the five-page attachment. Swift further contends that the attachment, which is undated and

---

[2]Swift argues that as threshold matter Bluford's Complaint should be dismissed for failing to attach his EEOC Charge and Right-to-Sue Letter to his Complaint. However, Swift attaches the relevant documents to its Motion to Dismiss. Documents attached by a defendant to a motion to dismiss may be considered part of the pleadings if they are referred to in the plaintiff's complaint and central to his case. *See Venture Assocs. Corp. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Charge of Discrimination and the Right-to-Sue Letter are matters within the public record and as such the Court may take judicial notice of these documents without converting this Motion to Dismiss into a motion for summary judgment. *See Pierce v. Ill. Dep't of Human Servs.*, 128 Fed. Appx. 534, 535-536 (7th Cir. Ill. 2005) (holding that the district court was correct to conclude that charges of discrimination submitted to administrative bodies are within the public record); *Geinosky v. City of Chicago*, 675 F.3d 743, *3 n.1 (7th Cir. 2012) (giving a liberal construction to what a court may consider on a motion to dismiss under Rule 10(c) of the Federal Rules of Civil Procedure, including matters within the public record, without converting the motion into one for summary judgment); *accord Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002) (holding that an EEOC charge is within the public record); *EEOC v. Recruit U.S.A., Inc.*, 939 F.2d 746, 749 (9th Cir. 1991) (holding that once a complaint is filed, the EEOC charge becomes a matter of public record).

[3]The Court may take notice of the Charge of Discrimination as a matter of public record without converting this Motion to Dismiss into a motion for summary judgment. *See Pierce*, 128 Fed. Appx. at 535-536; *Geinosky*, 2012 WL 1021141, at *5 n.1; *accord Faibisch v. Univ. of Minn.*, 304 F.3d at 802-03; *EEOC v. Recruit U.S.A., Inc.*, 939 F.2d at 749. Likewise, the five-page letter, if it is an amendment to the Charge, may also receive judicial notice without converting the Motion into a motion for summary judgment. *See Pierce,* 128 Fed. Appx. at 535-536; *Gienosky*, 2012 WL 1021141, at *5 n.1.

does not show any signs of receipt by the EEOC (such as a stamp or a signature line), cannot be considered part of the Charge that Bluford filed with the EEOC. Swift also points out that the Charge filed by Bluford nowhere states that there is an attachment to the Charge or otherwise evidences the existence of the five-page letter. Swift argues that without the appended letter, the claims in Bluford's Complaint fall outside of the scope of the EEOC Charge and therefore are procedurally barred. Furthermore, Swift argues that Bluford's Charge does not make any mention of class-wide allegations, and that such allegations are also beyond the scope of the Charge and thus cannot proceed in federal court. Thus, the Court must ascertain whether the five-page letter is an amendment to the Charge of Discrimination such that the claims therein "clarify or amplify" the allegations set forth in the original Charge. *See* 29 C.F.R. § 1601.12(b) ("A charge may be amended to cure technical defects or omissions, including failure to verify the charge, *or to clarify and amplify allegations made therein.*") (emphasis supplied).

## II. Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed

factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *Id* at 679. A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678.

### III. Discussion

#### A. Bluford's Individual Claim

A Title VII plaintiff can only bring those claims in his complaint in federal court that were included in his original EEOC charge. *See McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (citing *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). This rule serves multiple purposes; it affords the EEOC and the employer an opportunity to settle the dispute through conference and mediation, and it provides warning to the employer of the conduct about which the employee alleges discrimination. *See Cheek*, 31 F.3d at 500. The rule also promotes primary jurisdiction in the agency to resolve matters arising under Title VII.

A plaintiff bringing a cause of action under Title VII does not need to allege each and every fact in his EEOC charge that will combine to form the basis of his complaint. *See Sitar v. Indiana Department of Transportation*, 344 F.3d 720, 726 (7th Cir. 2003). This rule recognizes the fact that a majority of Title VII plaintiffs are laypersons, who traditionally complete their charge without the assistance of a lawyer. *See Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1195 (7th Cir. 1992). While it true that in a judicial proceeding a Title VII plaintiff may only allege claims that were included in his original charge with the EEOC, it has long been recognized "that the judicial complaint in a Title VII case can embrace not only the allegations in the administrative charge but also discrimination like or reasonably related to the allegations of the charge and growing out of such allegations." *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989) (quoting *Hemmige v. Chicago Public Schools*, 786 F.2d 280, 283 (7th Cir. 1986)) (internal quotations and citations omitted).

Claims in a complaint are reasonably related to allegations in a charge of discrimination when they are "so related and intertwined in time, people, and substance that to ignore the relationship for a strict and technical application of the rule would subvert the liberal remedial purposes of the Act." *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993). The Court applies a two-part test to determine whether allegations made in a complaint are within the scope of the initial EEOC charge. *See Jenkins v. Blue Cross Mut. Hosp. Ins.*, 538 F.2d 164, 167 (7th Cir. 1976). First, there must be a


reasonable relationship between the allegations in the charge and the allegations in the complaint. *See Id.* Second, the claims in the complaint must be reasonably expected to grow out of an EEOC investigation of the allegations in the charge. *See Id.* "To be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore v. Vital Prods.*, 641 F.3d 253, 257 (7th Cir. 2011) (quoting *Cheek*, 31 F.3d at 501).

For the purposes of this Motion to Dismiss, the five-page letter shall be considered to the extent that it may be construed as an amendment to the original Charge within the meaning of 29 C.F.R. § 1601.12(b) (the regulation promulgated by the EEOC pertaining to amendments to charges of discrimination). Even though Swift states that it did not receive the letter, the failure of the EEOC to give notice of a charge to the employer, which is required by § 706(b) of Title VII, 42 U.S.C. § 2000e-5(b), does not bar the right to bring a civil action by the charging party, as this right cannot be defeated by the EEOC's failure to comply with its own statutory obligations. *See Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). Because all reasonable inferences must be drawn in favor of the non-moving party, the attachment will be allowed as an amendment to the Charge under 29 C.F.R. § 1601.12(b). *See Killingsworth*, 507 F.3d at 618 (citing *Savory*, 469 F.3d at 670).

Under the EEOC's regulations, a "charge may be amended to cure technical defects or omissions, including failure to verify the charge, *or to clarify and amplify allegations made*

7

*therein.*" 29 C.F.R. § 1601.12(b) (emphasis supplied); *see also Fairchild v. Forma Sci.*, 147 F.3d 567, 574 (7th Cir. 1998) (allegations of disability discrimination, as an additional basis of liability made in an amendment to a charge of age discrimination, do not grow out of the age discrimination claim and therefore cannot form part of the complaint); *Cheek*, 31 F.3d at 502-503 (allegations made in a letter sent to the EEOC after the charge of discrimination was sent could not expand the scope of the allegations because they went beyond merely "clarifying or amplifying" the allegations in the original charge). Hence, the allegations made in the five-page letter will only be included to the extent that they "clarify or amplify" the allegations made in the original Complaint, and cannot be used to expand the scope of the allegations. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008); *Fairchild*, 147 F.3d at 574; *Cheek*, 31 F.3d at 502-503.

Bluford's EEOC Charge identifies three categories upon which he alleges Swift discriminated against him: race, age and retaliation. He indicated this by marking the boxes next to each of the discriminatory bases on the face of the Charge. The Charge identifies the particular supervisors he credits with carrying out the brunt of the discriminatory animus against him. Bluford's Charge states, "I have been harassed on numerous occasions by Donavon and by younger employees who work there. Also, because I gross more pay than them; they have Retaliated against me. I believe that I have been discriminated against on the basis of my Race, Black and Retaliated against..." Finally,

8

the Charge gives specific factual instances of alleged discrimination. These include the date of his termination and the dates on which he received reprimands.

The amendment amplifies these allegations by providing further details, explanations and discriminatory motives. Specifically, the amendment relates explicit verbal insults used by Bluford's supervisors: "Mr. Rood often made negative and racial comments about any driver of color by referring to drivers as being monkeys." Additionally, the amendment outlines the context leading to the allegation that Bluford received less desirable work assignments. The amendment states that "[t]he managers were showed favoritism towards the drivers of non color by assigning them the better routes and more profitable deliveries compared to the assignments that their counterparts would get. They would also be assigned the trucks that were in better operating conditions to these same persons." The additional details help to clarify the Charge by providing more insight into the nature of the harassment alleged in Bluford's original Charge. Bluford also alleges termination in his EEOC Charge, and the amendment again further clarifies this allegation by providing context to the termination and the incidents that Bluford alleges led directly to the discontinuation of his employment. Thus the amendment clarifies and amplifies the charges of harassment and termination alleged in Bluford's original EEOC Charge.

Bluford's Complaint also alleges a failure to promote based on race discrimination.

No specific instance of a failure to promote is alleged in either the original Charge, the amendment, or the Complaint. Allegations in a complaint do not have to be factually laid out in the EEOC charge if they are reasonably related to the activity described in the charge and can reasonably be expected to grow out of the EEOC's investigation into the charge. *See Jenkins*, 538 F.2d at 167. However, in this instance, the Charge fails to set forth any facts to support a failure to promote claim that is reasonably related to the conduct described in the Charge and that would reasonably be expected to grow out of a subsequent EEOC investigation. Likewise, the Complaint does not contain any factual information to support a claim for failure to promote based on race. There is nothing in the Complaint to give rise to a plausible entitlement to relief or a reasonable inference that Swift is liable for failing to promote Bluford on account of his race. *See Iqbal*, 556 U.S. at 678-679. The Complaint contains exactly the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation" that *Twombly* and *Iqbal* warn is insufficient to state a claim. *See Id.* at 678 (citing *Twombly*, 550 U.S. at 555). The allegation of a failure to promote is not a part of the original Charge, and therefore, Bluford is barred from alleging such a claim in his Complaint.

The following allegations in Bluford's Complaint are reasonably related to the allegations in the amended Charge, and would reasonably be expected to be discovered in the EEOC's investigation: (1) receiving less desirable work assignments; (2) termination; and (3) mistreatment, such as verbal abuse and disparagement. Swift received notice

10

regarding these particular allegations from the Notice of Charges letter sent by the EEOC and received by Swift in late January or early February 2011. The allegations regarding a failure to promote is not alleged in the Charge, and the amendment cannot amplify an allegation that was not part of the original Charge. *See Andonissamy*, 547 F.3d 841 at 851. Nor is such an allegation reasonably related to the Charge and expected to grow out of the EEOC's investigation. Therefore, Bluford cannot pursue a claim of race discrimination on the basis of a failure to promote.

Bluford's Complaint sufficiently pleads a claim for race discrimination in violation of 42 U.S.C. § 2000e-2(a)(1). The Complaint alleges only a violation of Title VII on the basis of race; age and retaliation do not form a part of the Complaint. Because the allegations in Bluford's amended Charge encompass the claim for discrimination on the basis of race, that claim may move forward. Though the Charge lists retaliation and age as other bases of discrimination towards Blufrod on the part of Swift, it is the Complaint and not the Charge that governs the cause of action. *See Cheek*, 31 F.3d at 501. The Complaint does not allege age discrimination or retaliation, and because the Charge cannot expand the scope of the Complaint, Bluford is prohibited from alleging claims of age discrimination or retaliation.

### B. *Class-Wide Claims*

Bluford's Complaint also attempts to assert allegations against Swift on a class-wide basis and he seeks to have the Court certify his suit as a class action. As stated above, in

order to bring a civil action alleging a violation of Title VII, Bluford must exhaust his administrative remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(e); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). He must present his claims of discrimination to the agency before he may litigate them in federal court. *See Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005); *Gorence v. Eagle Food Ctrs.*, 242 F.3d 759, 763 (7th Cir. 2001). The complaint cannot contain allegations that are not within the underlying EEOC charge of discrimination. *See Cheek*, 31 F.3d at 500. Allowing a complaint to encompass allegations outside the text of the EEOC charge (as amended) would circumvent the EEOC's investigatory and conciliatory role, diminish primary jurisdiction in the agency, and deprive the charged party of notice of the charge. *See Scnellbaecher v. Baskin Clothing Co.*, 887 F.2d. 124, 127 (7th Cir. 1989). In other words, the only claims of discrimination that are cognizable in a civil action are those that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (quoting *Jenkins*, 538 F.2d at 167).

Bluford's EEOC Charge does not include any allegations of class-wide discrimination. Bluford's Charge states only that "*I* have been harassed on numerous occasions by Donavon and by younger employees who work there. Also, because *I* gross more pay than them; they have Retaliated against *me*. *I* believe that *I* have been discriminated against on the basis of *my* Race, Black and Retaliated against..." (emphasis supplied). All of the language in the Charge specifically references Bluford as an

12

individual and his treatment by Swift as an individual. Likewise, in the May 18, 2011 letter to Swift, the EEOC investigator laid out the charges and requested responses to specific questions regarding the incidents surrounding Bluford's termination. The letter makes no indication that the EEOC was investigating claims, or might discover claims, of class-wide discrimination.

There are no allegations in the Charge upon which any allegations of class-wide discrimination can be inferred. *See Schnellbaecher*, 887 F.2d at 128 (dismissal of a class-wide complaint is proper where the predicate charge did not indicate any class-wide discrimination). Any class-wide allegations in the Complaint are not like or reasonably related to the allegations in Bluford's Charge of Discrimination filed with the EEOC. *See Id.* Likewise, the investigation in the instant case was insufficiently broad to adequately put Swift on notice that Bluford intended to file a complaint alleging class-wide discrimination. *See Id.* (dismissal of a class-wide complaint is proper when the EEOC investigation was inadequately narrow in its scope to put employer on notice that plaintiff intended to pursue class-wide allegations in his complaint).

Because the original Charge contains no reference to any class-wide allegations, the amendment may not introduce those charges for the first time and expand the scope of the allegations in the Charge. *See Andonissamy*, 547 F.3d at 851; *Cheek*, 31 F.3d at 503. The amendment is only allowable to the extent that it "clarifies or amplifies" the allegations

made in the original Charge. *See Andonissamy*, 547 F.3d 841 at 851. The Charge does not make any class-wide allegations; the amendment cannot expand the Charge to include them. *See Id.* The amendment may only clarify and amplify what is already in the Charge. *See Id.* Accordingly, the Motion to Dismiss the class-wide allegations is granted.

**IV. Conclusion**

For the reasons stated above, the Motion to Dismiss is granted in part and denied in part. Bluford's Complaint of race discrimination in violation of 42 U.S.C. § 2000e-2(a)(1) may move forward on the individual allegations of (1) receiving less desirable work assignments; (2) termination; and (3) mistreatment, such as verbal abuse and disparagement. The class-wide allegation is barred, and request to certify the class is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: May 16, 2012

14